**EXHIBIT A**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

December 4, 2007

TO INVOLVED COUNSEL

Re: MDL No. 1871 -- IN RE: Avandia Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-4)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: December 19, 2007** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Dana L. Stewart
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 4 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                   MDL No. 1871

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-4)

On October 16, 2007, the Panel transferred two civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See ___F.Supp.2d___ (J.P.M.L. 2007). Since that time, 27 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Cynthia M. Rufe.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Rufe.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of October 16, 2007, and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: AVANDIA MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 1871

## SCHEDULE CTO-4 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA CENTRAL
   CAC  2  07-7539           Patricia Gipson, et al. v. SmithKline Beecham Corp., et al.

CALIFORNIA NORTHERN
   CAN  3  07-5886           Dorothy Bone, et al. v. SmithKline Beecham Corp., et al.
   CAN  3  07-5887           James Hall v. SmithKline Beecham Corp., et al.
   CAN  3  07-5888           James Jefferson v. SmithKline Beecham Corp., et al.
   CAN  3  07-5889           George Fisher v. SmithKline Beecham Corp., et al.
   CAN  3  07-5890           Hector Thornton v. SmithKline Beecham Corp., et al.
   CAN  3  07-5891           Ivan Upshaw v. SmithKline Beecham Corp., et al.

NORTH CAROLINA WESTERN
   NCW  1  07-374            Teresa Rumple v. SmithKline Beecham Corp., et al.

TENNESSEE WESTERN
   TNW  2  07-2723           David Miller v. GlaxoSmithKline PLC, et al.

TEXAS SOUTHERN
   TXS  1  07-194            Charlene Harwell, et al. v. SmithKline Beecham Corp., et al.

**EXHIBIT B**

10/18/2007 16:21 FAX 2025027      JPML                                                    ☒002

# MDL 1871

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*7:23 am, Oct 16, 2007*

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
    Sharon Ann Dabon v. GlaxoSmithKline, Inc.,      )
        E.D. Louisiana, C.A. No. 2:07-3041           )    MDL No. 1871
    Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al.,  )
        D. Puerto Rico, C.A. No. 3:07-1461         )

### TRANSFER ORDER

      Before the entire Panel[*]: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

    [*]    Judge Heyburn took no part in the disposition of this matter.

    [1]    The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

## OFFICIAL FILE COPY

IMAGED OCT 1 6 2007

- 2 -

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz
Robert L. Miller, Jr.              Kathryn H. Vratil
David R. Hansen                    Anthony J. Scirica