1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
    KRISTA L. COSNER (State Bar No. 213338)
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, California 94105
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   Attorneys for Defendants
    SMITHKLINE BEECHAM CORPORATION d/b/a
6   GLAXOSMITHKLINE and McKESSON
    CORPORATION
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  JAMES JEFFERSON,                      Case No. CV-07-5888 MHP

13            Plaintiff,                  **DEFENDANT SMITHKLINE
                                          BEECHAM CORPORATION d/b/a
14       v.                               GLAXOSMITHKLINE'S REPLY
                                          MEMORANDUM OF LAW IN
15  SMITHKLINE BEECHAM                    SUPPORT OF MOTION TO STAY**
    CORPORATION d/b/a
16  GLAXOSMITHKLINE and McKESSON          **DATE:        January 14, 2008**
    CORPORATION,                          **TIME:        2:00 p.m.**
17                                        **COURTROOM: 15**
              Defendants.                 **JUDGE:       Marilyn H. Patel**
18

19

20  THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

21       *Bone, et al. v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

22  *McKesson Corporation;* Case No. CV-07-5886 MHP.

23       *Bowles, et al. v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

24  *McKesson Corporation;* Case No. CV-07-6328 JCS (ruling on motion to relate pending).

25       *Fisher v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and McKesson*

26  *Corporation;* Case No. CV-07-5889 MHP.

27       *Hall v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and McKesson*

28  *Corporation;* Case No. CV-07-5887 MHP.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1      *Hefner, et al.  v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

2   *McKesson Corporation;* Case No. CV-07-6050 JL (ruling on motion to relate pending).

3      *Jefferson  v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

4   *McKesson Corporation;* Case No. CV-07-5888 MHP.

5      *Thornton  v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

6   *McKesson Corporation;* Case No. CV-07-5890 MHP.

7      *Upshaw v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and*

8   *McKesson Corporation;* Case No. CV-07-5891 MHP.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

# INTRODUCTION

Plaintiff has opposed a stay pending transfer to the Avandia® MDL, arguing that: (i) the pending Motion to Remand is best considered by this Court; and (ii) Plaintiff will be prejudiced because a stay would "needlessly delay[]" this case.  Plaintiff's Motion and Memorandum in Opposition to Defendant's Motion to Stay ("Pl's Br.") at 2.

Plaintiff's grounds are meritless.  Jurisdictional issues identical to those in this case are present in a number of other recently-filed cases awaiting transfer to the MDL, and will likely arise in numerous cases not yet filed   Therefore, the interests of consistency and judicial economy would best be served by allowing the MDL judge to decide these issues.  Furthermore, Plaintiff will not be prejudiced by a stay because:  (i) at this very early stage of litigation, there is no ongoing activity to be affected by a stay; (ii) there is no reason to expect unreasonable delay by the MDL judge in deciding the pending Motion to Remand; and (iii) the Plaintiff may prepare whatever discovery it believes it needs and serve it in the MDL.

# II.

## JUDICIAL ECONOMY WILL BE SERVED IF THE MDL COURT ADDRESSES THE FEDERAL JURISDICTION QUESTION RAISED BY PLAINTIFF

The most significant factor favoring a stay is that the federal jurisdiction issues raised by Plaintiff's Complaint are present in several other cases awaiting transfer to the Avandia MDL, and will no doubt arise in cases to be filed in the future.

Accordingly, there is no good reason for multiple federal courts to consider the same or similar issues in this Avandia® litigation.  Plaintiff stakes his position on the fact that a district court may address a jurisdictional issue pending transfer.  *See* Pl's Br., at 4 (citing *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc.,* 415 F. Supp. 2d 516 (E.D. Pa. 2006)).[1]  Yet, the mere fact that a court *may* refuse to stay an

_____

[1] In the *Commonwealth v. TAP* case cited by the Plaintiff, sometimes referred to as *TAP I,* the case had been pending in state court for more than a year before defendants attempted to remove it, and,

1    action before ruling on a remand motion is not an argument that it *must* do so, or even

2    *should* do so.  The Judicial Panel on Multidistrict Litigation ("JPML") has acknowledged

3    that it is completely appropriate for a case to be transferred to the MDL while a remand

4    motion is pending, and for the transferee court to decide the jurisdictional issues.  *See,*

5    *e.g.*, *In re K-Dur Antitrust Litigation*, Docket No. 1419, Judicial Panel on Multidistrict

6    Litigation, 162 F. Supp. 2d 688, 689 n.4 (2001).

7            As GSK has pointed out, in the *Vioxx* litigation, this Court and other Northern

8    District judges were faced with Motions to Stay in numerous cases awaiting transfer to

9    the Vioxx MDL.  These included a number of cases removed on grounds identical to the

10   grounds for removal of this case; namely, that McKesson was fraudulently joined, and,

11   when its citizenship was properly disregarded, there was complete diversity of citizenship

12   between plaintiffs and defendants.  Ruling on plaintiffs' remand motions was deferred to

13   allow transfer to the MDL on the grounds of judicial economy and consistency.  *See, e.g.,*

14   *Johnson v. Merck & Co., Inc.,* Case No. C 05-02881 MHP, Slip Op. at 2 (N.D. Cal.

15   October 4, 2005) ("In light of the number of cases presenting issues similar to this action

16   and the need for judicial consistency with respect to those cases, this court finds that the

17   interest of judicial economy" favored such stays.); *Johnson v. Merck & Co., Inc.* Case

18   No. C 07-00067 WHA, Slip Op. at 4 (N.D. Cal. March 8, 2007) ("It would be an

19   inefficient use of resources to unnecessarily duplicate the efforts of the transferee judge,

20   who will undoubtedly face most (if not all) of the same issues in dealing with the other

21   pending remand motions.  Staying the proceedings will best serve the interests of judicial

22   economy."); *Dante v. Merck & Co., Inc.*, Case No. C07-00081 JW, Slip Op. at 2 (N.D.

23   Cal. Feb. 27, 2007) (staying case with pending remand motion where McKesson was

24   named as co-defendant because "[i]n light of the number of other cases presenting issues

25
26   in addition to rejecting the defendants' legal arguments, the court found removal to be untimely.  *See TAP*
     *I*, 415 F. Supp. 2d at 526-27.  In a subsequent *Commonwealth v. TAP* case, sometimes referred to as *TAP*
27   *II*, the Court issued a stay pending transfer to the Average Wholesale Price ("AWP") MDL because
     "judicial economy and consistency would be best served by awaiting the decision of the JPML."  *See*
     *Pennsylvania v. TAP Pharmaceutical Products, Inc. ["TAP II]*. No. 2:06-cv-04514-LDD (Doc. # 29)
28   (E.D. Pa. Jan. 23, 2007) (Davis, J.).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

2

1  similar to this action and the need for judicial consistency with respect to those cases, the

2  Court finds that the interest of judicial economy favors staying this action pending its

3  transfer to the MDL Proceeding").  *See also Murphy v. Merck & Co., Inc.*, No. C 06-

4  04794 MHP (N.D. Cal. Sept. 22, 2006) (staying case pending transfer to MDL

5  proceeding where McKesson was named as a co-defendant); and *Parker v. Merck & Co.,*

6  *Inc.*, No. C 07-2333 SI, Slip Op. at 2 (N.D. Cal. June 26, 2007) (staying case pending

7  transfer to MDL and deferring ruling on remand where case removed on the basis of

8  fraudulent joinder).

9       Where a party moves for a stay, a court must use its judgment to "weigh

10 competing interests and maintain an even balance."  *Landis v. North Am. Co.,* 57 S. Ct.

11 163, 166 (1936) (citation omitted).  When ruling on a Motion to Stay,

12         a district court should consider several factors:  1) potential
13         prejudice to the non-moving party if the action is stayed; 2) hardship and inequity to the moving party if the action is not
14         stayed; 3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact
15         consolidated; and 4) the potential for conflicting rulings.

16 *Nielsen v. Merck and Co.*, 2007 U.S. Dist LEXIS 21250, *3 - *4 (N.D. Cal. 2007), citing

17 *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  "Often, deference

18 to the MDL court for resolution of a motion to remand provides the opportunity for the

19 uniformity, consistency and predictability in litigation that underlies the MDL system."

20 *Id.*

21      Many courts have adopted the approach set forth in *Meyers v. Bayer AG,* 143 F.

22 Supp. 2d 1044, 1048-49 (E.D. Wis. 2001), requiring the court to give preliminary

23 scrutiny to the jurisdictional basis for removal before reaching the other relevant

24 considerations.  Under this approach, where the case for remand is clear on the face of the

25 pleadings, or where the removal itself is procedurally flawed, it may be appropriate for

26 the removal court to resolve these issues.  *Id.*

27      Conversely, where, as here, remand is not clearly mandated, in the interests of

28 consistency and judicial economy, the action should be stayed to permit the transferee

1    court to decide the jurisdictional issues. This is particularly true when the case presents

2    jurisdictional issues that will continue to arise in the MDL. *See, e.g., Sisemore v. Merck*

3    *& Co*., 2006 U.S. Dist LEXIS 16753 (E.D. Cal. April 6, 2006). While the Ninth Circuit

4    has not explicitly adopted the *Meyers* approach, *Nielsen*, 2007 U.S. Dist LEXIS 21250 at

5    *6, citing *Conroy v. Fresh Del Monte Produce, Inc*., 325 F. Supp.2d 1049, 1053 (N.D.

6    Cal. 2004), GSK's bases for removal—diversity as well as federal question jurisdiction

7    — easily survive preliminary scrutiny, should this Court wish to include this step in its

8    analysis.  As GSK has explained, this Court has jurisdiction under 28 U.S.C. § 1332,

9    because there is complete diversity of citizenship and because McKesson Corporation

10   was fraudulently joined as a defendant in order to destroy diversity. *See* Defendant

11   Smithkline Beecham Corporation dba GlaxoSmithKline's Memorandum Of Law In

12   Opposition To Plaintiff's Motion To Remand ("GSK Br."), at 4-12.  In addition,

13   Plaintiff's Complaint explicitly alleges that GSK violated the Food Drug and Cosmetic

14   Act, 21 U.S.C. § 301, and its implementing regulations, and contains many other

15   assertions that depend on construction and application of federal statutes and regulations,

16   and therefore this Court has federal question jurisdiction over this matter pursuant to 28

17   U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue*

18   *Eng'g & Mfg.*, 545 U.S. 308 (2005). *See* GSK Br., at 12-13.

19        These jurisdictional issues will continue to arise as GSK continues to remove

20   some Avandia actions on similar grounds, and are properly resolved by the MDL judge in

21   the interests of consistency and judicial economy.  Under similar circumstances, federal

22   district courts throughout California have deferred ruling on pending motions to remand

23   until after a case has been transferred to the MDL. *See* Orders of the United States

24   District Court for the Northern District of California cited *supra*, at 3-4.  *See also, e.g.,*

25   *Nielsen v. Merck & Co.,* 2007 U.S. Dist. LEXIS 21250, *4-5 (N.D. Cal. March 15, 2007);

26   *Sisemore v. Merck & Co*., 2006 U.S. Dist LEXIS 16753 (E.D. Cal. April 6, 2006);

27   *McCrerey v. Merck & Co.,* 2005 U.S. Dist. LEXIS 36803, *8 (S.D. Cal. March 3, 2005).

28

# III.

## PLAINTIFF WILL NOT BE PREJUDICED BY A STAY

Plaintiff alleges that "[t]he MDL proceedings would be of limited value for these Plaintiffs *[sic]* and Plaintiffs will suffer substantial hardship if required to incur the certain delay." Pl's. Br., at 8. Plaintiff attributes this "limited value" to the assertion that "[t]he specific discovery this case requires is unique to the factual circumstances of Plaintiffs, and California statutory and common law." *Id.*

To the contrary, the Plaintiff's claims contain virtually identical allegations to those raised by the other cases transferred or awaiting transfer to the fledgling Avandia MDL, including (i) whether Avandia caused or substantially contributed to the development of the risk of heart attack or related conditions; and (ii) whether GSK knew that Avandia caused or substantially contributed to the development of the risk of heart attack or related conditions, and failed to warn consumers, the medical community and the United States Food and Drug Administration (FDA). *See e.g.* Pl's. Complaint, at ¶¶ 22-25, 31, 47-48.

Moreover, all of the cases already transferred to the MDL, as well as those awaiting transfer, are at similar early stages of litigation. The parties and counsel in this case will clearly benefit from the efficiencies inherent in coordinating discovery from the outset on the issues common to all of these lawsuits. During the brief period of time during which this action is stayed pending transfer, Plaintiff may prepare whatever "unique," case-specific discovery he believes he needs, and may pursue this discovery once transfer is final. Plaintiff may complete such discovery even if this case is remanded to state court.

Accordingly, the Plaintiff will not suffer substantial prejudice if this case is stayed pending MDL transfer. In fact, absent a stay, it is GSK that bears the risk of prejudice. As Judge Henderson of this Court noted in the recent case of *Stempien v. Eli Lilly and Co.,* 2006 WL 1214836 (N.D. Cal. May 4, 2006),

1
2
3
4
5
6
7

> Plaintiffs have. . . failed to persuade the Court that the potential for delay if this Court issues a stay outweighs. . . considerations of judicial economy or the potential hardship to Defendants that would result from failing to stay the case. . . . [I]f this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue. . . . If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable.

2006 WL 1214836 at *2.

8

### IV.

9

### CONCLUSION

10

   For the reasons set forth above and in GSK's Memorandum in Support of its

11

Motion to Stay, and consistent with the past practices of this Court, GSK respectfully

12

requests that this Court grant its motion to stay all proceedings in the action at issue

13

pending transfer to the Avandia MDL proceedings that has been established in the

14

Eastern District of Pennsylvania.

15

16

Dated: December 28, 2007                    DRINKER BIDDLE & REATH LLP

17

                                            /S/
18                                          _____
                                            KRISTA L. COSNER
19
                                            Attorneys for Defendants
                                            SMITHKLINE BEECHAM
20                                          CORPORATION d/b/a
                                            GLAXOSMITHKLINE and McKESSON
21                                          CORPORATION

22

23

24

25

26

27

28